**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON RAYMOND PERCEY,<br><br>        Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>        Defendant. | CASE NO. CV 13-02650 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff Don Raymond Percey seeks review of the Social Security Commissioner's administrative decision denying his application for disability benefits. He asserts a single claim: that the Administrative Law Judge wrongly discounted the opinion of his treating physician. The Court disagrees.

A treating physician's function is to treat his patient, and the continuity of his relationship with his patient gives him a perspective that is often deeper and more reliable than that obtained from a one-time examination. *See Sprague v. Bowen* 812 F.2d 1226, 1230 (9th Cir. 1987); *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir.1996). Thus, the treating physician's opinion is entitled to deference. *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001). While he must respect the opinion, however, the Administrative Law Judge is not required to accept it; he may reject it if he gives specific and legitimate reasons for doing so, *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), and he may rely

instead on other opinions in the record for his determination. *Id.*; *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

The Administrative Law Judge fulfilled his responsibilities here. [AR 23] He explained that Plaintiff's doctor's opinion — that Plaintiff was disabled and could not work at his previous job — was beyond any expertise of the doctor that appeared in the record. *Cf. McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011); *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) ("Conclusory opinions by medical experts regarding the ultimate question of disability are not binding on the ALJ"). He noted that the medical records did not document the diagnoses of fibromyalgia and arthritis of the joints. While Plaintiff here points to some documentation, that documentation is from a decade before the alleged onset of disability, and is not backed up by any records from the treating physician. He noted that the medical records also did not support the kinds of limitations that the doctor suggested. This too was an appropriate reason for discounting the treating physician's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). And the examining consultant gave a different opinion, that was more consistent with the medical records. In those circumstances, the Administrative Law Judge is entitled to rely on the examining physician's opinion over that of the treating physician. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

The Court perceives no error. Accordingly, the decision of the Commissioner is affirmed.

DATED: February 7, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE